NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OBEDIAH MASSAQUOI, | Civil Action No. |
| Petitioner, | 13-2589 (KM) |
| v. | **MEMORANDUM OPINION** |
| WARDEN ROY L. HENDRICKS, | **AND ORDER** |
| Respondent. | |

1. This matter was opened upon the Clerk's receipt of Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1). Petitioner asserted that his post-removal order detention in the hands of immigration officials was illegal, being in excess of six months, and that therefore he was entitled to release. See Zadvydas v. Davis, 533 U.S. 678 (2001).[1] Petitioner also asserted that there was no significant likelihood of his removal to his native Liberia in the reasonably foreseeable future. See

---

[1] Petitioner is a citizen and native of Liberia. (ECF. No. 1-2, at 4). Being adjudicated an alien subject to removal, Petitioner was allowed to remain in the general public, subject to supervision and requirements not to commit criminal offenses, while awaiting his removal to Liberia. (ECF. No. 1-2, at 3). While on supervised release, Petitioner committed an armed robbery, aggravated assault and a number of other criminal offenses. See id. Therefore, his supervised release was revoked, and he was placed in custody of immigration officials.

Page -1-

    id. Petitioner requested expedited proceedings before me, asserting that "any delay . . . will cause irreparable harm to Petitioner." (ECF. No. 1-1, at 2).

2. Upon opening this matter, the Clerk duly forwarded a copy of the docket sheet to Petitioner by mail on April 24, 2013. (ECF. No. 2). On June 11, 2013, that mailing was returned to the Clerk as undeliverable, with a notation reading, "RETURN TO SENDER. NOT DELIVERABLE AS ADDRESSED. UNABLE TO FORWARD." Id.

3. The website of the U.S. Immigration and Customs Enforcement indicates that the alien known as Obediah Massaquoi, Alien No. 046477171, is no longer in custody. See https://locator.ice.gov/odls/homePage.do. It appears that Petitioner may have been successfully removed to his native Liberia. If so, this case would be moot. In an abundance of caution, however, I will not dismiss the matter outright.

4. Rather, I will direct that this action be administratively terminated because of Petitioner's failure to advise the Clerk of his change of address. Local Civil Rule 10.1(a) requires unrepresented parties to advise the Court of any change in address within seven days. The undeliverable mail and the information from the ICE website suggest that Petitioner, if he remains in this country, has failed to do so. This matter will therefore be administratively

terminated.  If, within the next six months, Petitioner files a written statement with the Clerk verifying his new address and establishing that his claims have not been mooted by removal from this country, I will direct the Clerk to restore this matter to my active docket.

IT IS, therefore, on this 14th day of June, 2013,

ORDERED that the Clerk shall administratively terminate this matter by making a new and separate entry on the docket, reading "CIVIL CASE TERMINATED."

_____
Kevin McNulty, U.S.D.J.